IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRIN BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-1964 |
| | § | |
| ROUNDPOINT MORTGAGE | § | |
| SERVICING CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

In May 2018, Darrin Baker sued Roundpoint Mortgage Servicing Corporation in state court over a foreclosure dispute. (Docket Entry No. 1-1). Seeking a temporary restraining order, damages, and attorney's fees, Baker alleged contract breach, wrongful foreclosure, and Texas Debt Collection Act and the Texas Deceptive Trade Practices Act violations. (*Id.* at 8–14). Roundpoint removed. (Docket Entry No. 1). The court held an initial conference and issued a scheduling and docket control order that set a dispositive-motion briefing schedule. (Docket Entry Nos. 18, 19). Roundpoint timely moved for summary judgment in May 2019. (Docket Entry No. 21). Baker has not responded or cross-moved for summary judgment, though his deadline to do so has passed.

After a careful review of the motion, record evidence, and the applicable law, the court grants summary judgment for Roundpoint and separately enters final judgment. The reasons are explained in detail below.

**I.      Background**

In August 2014, Baker obtained a $264,093 home-mortgage loan from Cornerstone Home Lending, Inc. (Docket Entry Nos. 21-2, 21-3). His promissory note required him to make payments of $1,299.18 on the first day of each month for 30 years. (Docket Entry No. 21-2 at 1).

The note stated that if Baker made a late payment, Cornerstone could collect a late fee totaling four percent of the overdue amount. (*Id.* at 2). If Baker defaulted "by failing to pay in full any monthly payment," Cornerstone could demand immediate payment of the unpaid loan balance. (*Id.*). The deed of trust also required Baker to make timely payments under the note. (Docket Entry No. 21-3 at 2). If Baker missed payments and did not repay the overdue amounts, even after receiving notice and an opportunity to reinstate the loan, Cornerstone had the right to sell Baker's home. (*Id.* at 4–7).

In November 2014, Cornerstone gave Roundpoint the right to collect payments under the mortgage. (Docket Entry No. 21-4). In April 2018, Cornerstone assigned the note and deed to Roundpoint. (Docket Entry No. 21-5). These transactions were recorded in Fort Bend County's public records.

Baker stopped making loan payments in May 2017. (Docket Entry No. 21-1 at 2). After Hurricane Harvey hit Greater Houston, Roundpoint granted Baker's request for a temporary forbearance, outlining the terms in a September 2017 letter. (Docket Entry No. 21-6). Even though Baker complied with the forbearance agreement, he failed to make his December 2017 loan payment. (Docket Entry No. 21-1 at 2). Baker made a payment in January 2018, but it did not bring the loan current. (*Id.*).

Baker applied for loan modifications in April 2018 and January 2019. (Docket Entry No. 21-8 at 1; Docket Entry No. 21-10 at 1). Roundpoint denied the applications, explaining that his "earned income [was] not sufficient to repay the total amount due." (*Id.*). A total of $58,876.71 is required to reinstate the loan. (Docket Entry No. 21-7).

In May 2018, Baker sued Roundpoint in the 268th Judicial District Court of Fort Bend County on the same day that it denied his first loan-modification application. (Docket Entry No.

1-1 at 5). Roundpoint removed, and the court delayed holding an initial conference or entering a scheduling and docket control order based on the parties' settlement negotiations. (*See* Docket Entry Nos. 1, 10, 11, 12, 15, 16). The parties did not resolve the case, and Roundpoint moved for summary judgment in May 2019. (Docket Entry No. 21).

## II.     The Legal Standard for Summary Judgment

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations and citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (alteration omitted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl.,*

3

*L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate "the precise manner in which" that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019) (quotation omitted). "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Because Baker failed to respond to Roundpoint's motion, the issue is "whether the facts presented by [Roundpoint] create an appropriate basis to enter summary judgment against the plaintiff[s]." *Id.*

### III.  Analysis[1]

Baker asserts that Roundpoint used "unreasonable debt collection practices" to coerce payment; breached the note and deed; breached the duty of good faith and fair dealing; violated

---

[1] The summary judgment evidence includes Hannah Harvey's affidavit; the note; the deed; the notice sent to Baker of Cornerstone's assignment of its right to collect payments under the note and deed to Roundpoint; the assignment of the note and deed; Roundpoint's letter agreeing to Baker's forbearance request; Roundpoint's letter to Baker calculating the loan reinstatement amount; Roundpoint's acknowledgment of Baker's April 2018 loan-modification application; Roundpoint's denial of Baker's application; and Roundpoint's denial of Baker's January 2019 loan-modification application. (Docket Entry Nos. 21-1–10).

4

the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act; and wrongfully foreclosed on Baker's property. The court addresses each in turn.

### A. Unreasonable Collection Practices

Baker's complaint alleges that Roundpoint's "actions" constitute "unreasonable collection practices which proximately caused [Baker's] direct and consequential damages." (Docket Entry No. 1-1 at 8). Baker's complaint also alleges that Roundpoint unreasonably attempted to foreclose on his home because he had applied for a loan modification, and because Roundpoint's actions, not Baker's, delayed the application's review and caused its denial. (*Id.* at 9).

Assuming Baker asserts common-law unreasonable debt collection, an intentional tort under Texas law, he must show that Roundpoint's conduct "amount[ed] to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.) (quoting *Montgomery Ward & Co. v. Brewer*, 416 S.W.2d 837, 838 (Tex. Civ. App.—Waco, 1967, writ ref'd n.r.e.)). Baker has not submitted or identified evidence showing that Roundpoint acted with the requisite culpability, and his complaint alleges, at most, that the company negligently mixed up his file with another applicant's paperwork. (*See* Docket Entry No. 1-1 at 8–9). There is no basis to find that Roundpoint unreasonably collected a debt from Baker.

### B. Contract Breach

Baker asserts that Roundpoint breached the note and deed. (Docket Entry No. 1-1 at 9). "In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (alteration and quotation omitted).

The undisputed record evidence shows that Baker defaulted and failed to cure the default. (*See* Docket Entry No. 21-7). Baker has missed 22 mortgage payments, and he must pay $58,876.71 to reinstate the loan. (*Id.* at 1). This claim fails under the well-settled rule that a nonperforming party cannot assert contract breach. *See Bonney v. U.S. Bank Nat'l Ass'n*, 5-15-1057-CV, 2016 WL 3902607, at *5 (Tex. App.—Dallas July 14, 2016, no pet.).

Even assuming Baker had performed, he has not submitted or identified evidence supporting a reasonable inference of breach. Baker's complaint alleges three breaches by Roundpoint: (1) mishandling and denying his loan-modification application; (2) initiating foreclosure proceedings; and (3) failing to apply Baker's payments to the loan. Baker appears to claim that he was entitled to a loan modification, otherwise there would be no basis to claim contract breach for Roundpoint's alleged paperwork error. But Texas law does not recognize a general right to loan modification, and neither the note nor the deed gives Baker such a right. *Castro v. SN Servicing Corp.*, No. SA:15-CV-925-DAE, 2016 WL 2587294, at *4 (W.D. Tex. May 4, 2016); (Docket Entry Nos. 21-2, 21-3).

The deed authorizes Roundpoint to sell Baker's home if he defaulted and failed to cure the default. (Docket Entry No. 21-3 at 6–7). Baker did default and failed to either pay the overdue amount or seek reinstatement, triggering Roundpoint's right to foreclose on the property. (*See* Docket Entry No. 21-7). No record evidence supports that Roundpoint failed to credit Baker's payments. *See Bank of Am. Nat'l Ass'n v. Stauffer*, 728 F. App'x 412, 412–13 (5th Cir. 2018) (after the summary judgment movant satisfies its burden, the nonmovant "cannot rest upon mere allegations in the pleadings").

C.  **Breach of Duty of Good Faith and Fair Dealing**

According to Baker's complaint, Roundpoint owed him a duty of good faith and fair dealing and breached that duty by mishandling and denying his loan-modification application. (Docket Entry No. 1-1 at 10–11).  "Under Texas law, a duty of good faith is implied only in contracts involving a special relationship marked by shared trust or an imbalance in bargaining power, which ordinarily does not include a mortgagor and mortgagee relationship."  *Smith v. JPMorgan Chase Bank, N.A.*, 699 F. App'x 393, 395 (5th Cir. 2017) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990)).  Because Baker has not pointed to record evidence showing that he had a special relationship with Roundpoint, he cannot prevail on this claim.

D.  **Texas Debt Collection Act Violations**

Baker's complaint alleges that Roundpoint violated Texas Finance Code §§ 392.301(a)(7) and 392.303(2).  (Docket Entry No. 1-1 at 11–12).  Section 392.301(a)(7) prohibits debt collectors from "threatening that nonpayment of a consumer debt will result in the seizure . . . of a person's property without proper court proceedings," and § 392.303(2) proscribes collecting incidental charges unless they are "expressly authorized" by a note or deed.  TEX. FIN. CODE §§ 392.301(a)(7), 392.303(2).

The § 392.301(a)(7) claim turns on Roundpoint's alleged violation of the parties' forbearance agreement.  (*See* Docket Entry No. 1-1 at 12).  For example, Baker's complaint alleges that Roundpoint demanded loan payments "despite his forbearance," suggesting that it extends to the present date.  (*Id.*).  But Roundpoint consented to only a temporary, three-month forbearance, not permanent relief.  (Docket Entry No. 21-6).  As to the alleged § 392.303(2) violation, the note and deed authorized Roundpoint to collect interest, costs, and attorney's fees if Baker defaulted.

(Docket Entry No. 21-2 at 1–2; Docket Entry No. 21-3 at 4, 6–7). There are no factual disputes material to either alleged violation, and both fail as a matter of law.

E.   **Texas Deceptive Trade Practices Act Violations**

Baker's complaint alleges that Roundpoint committed unspecified violations of the Texas Deceptive Trade Practices Act. Baker must point to evidence raising an inference that he is a "consumer" under the Act. *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724 (5th Cir. 2013) ("The DTPA protects consumers; therefore, consumer status is an essential element of a DTPA cause of action." (quotation omitted)). To qualify as a consumer: (1) Brown must have sought or acquired "goods or services by lease or purchase"; and (2) "the goods or services . . . must form the basis of the [his] complaint." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth, 2007, pet. denied). The Texas Court of Appeals has held that "the servicing of an existing loan, foreclosure activities, and a request to modify an existing loan do not involve a good or service under the [Act.]" *Ebrahimi v. Caliber Home Loans, Inc.*, 5-18-456-CV, 2019 WL 1615356, at *9 (Tex. App.—Dallas Apr. 15, 2019, pet. filed). The court has no basis to find that Baker is a consumer of Roundpoint's goods or services.

F.   **Wrongful Foreclosure**

Lastly, Baker's complaint alleges that Roundpoint "has progressed a potential wrongful foreclosure" on his property. A wrongful-foreclosure claim requires: (1) a "defect" in the foreclosure sale; (2) a "grossly inadequate selling price"; and (3) a "causal connection between the defect and the grossly inadequate selling price." *Morris v. Deutsche Bank Nat'l Tr. Co.*, 528 S.W.3d 187, 197 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Baker must submit or identify record evidence showing a foreclosure sale, and because this suit stayed the June 2019 sale of his

home, this claim fails as a matter of law. *See EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 544 (Tex. App.—Houston [14th Dist.] 2016, no. pet.).

## IV. Conclusion

Summary judgment is granted for Roundpoint. (Docket Entry No. 16). Baker's requests for damages and attorney's fees are denied. (Docket Entry No. 1 at 41–42). Final judgment is separately entered.

SIGNED on June 19, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge